NO. 07-08-0368-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 15, 2010

_____

SANTOS SALAS A/K/A SANTOS PADILLA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 20,065-A; HONORABLE HAL MINER, JUDGE

_____

Before CAMPBELL and PIRTLE, JJ. and BOYD, S.J.[1]


**MEMORANDUM OPINION**


Following pleas of not guilty to two counts of failing to comply with sex offender

registration requirements,[2] enhanced, Appellant, Santos Salas a/k/a Santos Padilla, was

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[2]Tex. Code Crim. Proc. Ann. art. 62.102(a) (Vernon 2006).

convicted by a jury on both counts. Punishment for each count was assessed at confinement for life, with the sentences to run concurrently. Presenting six issues, he challenges the legal and factual sufficiency of the evidence to support his conviction. We affirm.

## Background Facts

In 1991, Appellant was convicted of aggravated sexual assault of a child and sentenced to fifteen years confinement. He was released from prison on July 21, 2006. Upon his release, Appellant began residing with his sister and brother-in-law at their residence in Canyon, Texas.[3] On July 28, 2006, Appellant reported to the Canyon Police Department and registered the residence at 1003 3rd Avenue, Canyon, Texas, as his residence for purposes of complying with the applicable sex offender registration requirements.

Appellant's uncle, Joe Padilla, testified that on the night of February 6, 2008, Appellant arrived in Clovis, New Mexico, to participate in a six-month intensive rehabilitation program operated by him. Appellant was accepted into the program on February 7th and Padilla, who was knowledgeable about sex offender registration requirements, took Appellant to the Curry County Sheriff's Office for the purpose of complying with New Mexico's sex offender registration requirements. On February 7,

---

[3]During the punishment phase, evidence was presented that Appellant actually lived at a different address in Canyon before moving in with his sister and brother-in-law.

2008, Appellant registered his address as 407 L. Casillas, Clovis, New Mexico 88101, the address for the rehabilitation center.

On February 7, 2008, Appellant's brother-in-law, Ramiro Davalos, notified the Canyon Police Department that Appellant had "started living in Clovis." According to Davalos, Appellant took his clothes and personal hygiene items with him. Lieutenant Dale Davis of the Canyon Police Department testified that Appellant never contacted the department in person to notify them of his intent to move to Clovis.

According to Appellant's uncle and brother-in-law, Appellant returned to Canyon on February 9th for a day or two to speak to his family about the program. Appellant's uncle also testified that Appellant went back to Clovis on February 11th, thanked him for his help, packed his belongings, and voluntarily left the program. According to the uncle's testimony, Appellant told him he would be staying in Clovis with his stepfather.

However, the evidence showed that on February 11th, Appellant was at the Pizza Hut in Canyon asking the manager for a job. Appellant had been employed there prior to going to Clovis. The manager told him he could start the next morning but Appellant did not report for work.

Aaron Savage, a Canyon Police Officer, testified he arrested Appellant in the early morning hours of February 14, 2008, for an unrelated offense. During the booking process, Appellant gave his address as 1003 3rd Avenue, Canyon, Texas. Appellant's

brother-in-law posted bond for Appellant on February 15th, and he resumed living with his sister and brother-in-law at 1003 3rd Avenue on February 16, 2008. On February 22, 2008, Appellant again registered as a sex offender with the Canyon Police Department, listing the 3rd Avenue address as his residence.

Originally, the State charged Appellant with three separate counts of failing to comply with the sex offender registration requirements, but the State waived one count and proceeded to trial on only two counts. One count of the indictment alleged that on or about January 31, 2008, Appellant intentionally, knowingly, and recklessly failed to report in person to the Canyon Police Department, his designated primary registration authority, and provide his anticipated move date and new address in Clovis, New Mexico, not later than the seventh day before his intended change of address.[4] The remaining count of the indictment alleged that on or about February 21, 2008, Appellant intentionally, knowingly, or recklessly, failed to register with the Canyon Police Department.[5] Both counts were enhanced by two prior felony convictions. A jury found Appellant guilty of both counts, found the enhancements to be true, and assessed life sentences on each count. The trial court ordered the sentences to run concurrently. This appeal followed.

Although Appellant presents six issues challenging the legal and factual sufficiency of the evidence to support his conviction, we will review the issues simultaneously. By the

---

[4]*See* Tex. Code Crim. Proc. Ann. art. 62.055(a).

[5]*See* Tex. Code Crim. Proc. Ann. art. 62.051(a).

4

indictment, the State was required to prove beyond a reasonable doubt that Appellant, being a person subject to sex offender registration, with the requisite culpable mental state, failed to (1) notify the Canyon Police Department in person of his anticipated move to Clovis, New Mexico, and (2) failed to register with the Canyon Police Department upon his return to Canyon within the statutorily prescribed period.

## Standard of Review–Sufficiency of the Evidence[6]

When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. *Clewis v. State*, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2009); Tex. Penal Code Ann. § 2.01 (Vernon 2003).

Evidence is legally insufficient if, when viewed in a light most favorable to the prosecution, a rational trier of fact could not have found each element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789,

---

[6]Although we combine the standard of review for sufficiency of the evidence, for purposes of our analysis, we will not combine the discussions. *See Laster*, 275 S.W.3d at 519. "[D]etermining the legal and factual sufficiency of evidence requires the implementation of separate and distinct standards." *Id*. quoting *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000). Courts and litigants should not combine their legal and factual sufficiency analyses. *Laster*, 275 S.W.3d at 519.

61 L.Ed.2d 560, 573 (1979); *Laster v. State*, 275 S.W.3d 512, 517-18 (Tex.Crim.App. 2009). This standard is the same in both direct and circumstantial evidence cases. *Laster*, 275 S.W.3d at 517-18. Legal sufficiency of the evidence to sustain a conviction is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). This is done by considering all the evidence that was before the jury—whether proper or improper—so that we can make an assessment from the jury's perspective. *Miles v. State*, 918 S.W.2d 511, 512 (Tex.Crim.App. 1996). Appellate courts are ill-equipped to weigh evidence; unlike the factfinder–who can observe facial expressions and hear voice inflections first-hand—an appellate court is limited to the cold record. *Laster*, 275 S.W.3d at 517. Our role on appeal is restricted to guarding against the rare occurrence when a factfinder does not act rationally. *Id.* After giving proper deference to the facfinder's role, we will uphold the verdict unless a rational factfinder must have had reasonable doubt as to any essential element. *Id.* at 518.

After conducting a legal sufficiency review under *Jackson*, we may proceed with a factual sufficiency review. *Clewis*, 922 S.W.2d at 133. When conducting a factual sufficiency review, we examine all the evidence in a neutral light and determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004), *overruled in part by Watson v. State*, 204 S.W.3d 404, 415-17 (Tex.Crim.App. 2006). The factual sufficiency of the evidence is also measured by *Malik's rule*–the elements of the offense as defined by a hypothetically

6

correct jury charge. *See Wooley v. State*, 273 S.W.3d 260, 261 (Tex.Crim.App. 2008) (citing *Malik*, 953 S.W.2d 234, 239-40). We cannot reverse a conviction unless we find some objective basis in the record that demonstrates that the great weight and preponderance of the evidence contradicts the jury's verdict. *Watson*, 204 S.W.3d at 417. In other words, we cannot conclude that an appellant's conviction is "clearly wrong" or "manifestly unjust" simply because we disagree with the jury's verdict. *Id.*; *Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997).

Additionally, as directed by the Texas Court of Criminal Appeals, when conducting a factual sufficiency review, we must consider the most important evidence that an appellant claims undermines the jury's verdict. *Sims v. State*, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003). Cognizant that we are to consider all evidence in a neutral light in conducting a factual sufficiency review, we are not, however, required to discuss all evidence admitted at trial. *See id. See also Roberts v. State*, 221 S.W.3d 659, 665 (Tex.Crim.App. 2007).

The jury is the exclusive judge of the facts. Tex. Code Crim. Proc. Ann. art. 36.13 (Vernon 2007) & art. 38.04 (Vernon 1979). As a reviewing court, we must always remain cognizant of the jury's role and unique position in evaluating credibility and demeanor of witnesses and giving weight to contradictory testimonial evidence. *Johnson v. State*, 23 S.W.3d 1, 8-9 (Tex.Crim.App. 2000). Reconciliation of conflicts in the evidence is within the exclusive province of the jury. *Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App.

7

2000). Unless the record clearly demonstrates a different result is appropriate, we must defer to the jury's determination. *Johnson*, 23 S.W.3d at 8.

**Sex Offender Registration**

Chapter 62 of the Texas Code of Criminal Procedure governs sex offender registration. The sex offender registration laws took effect on September 1, 1991. However, effective September 1, 1997, the Legislature made the registration requirements apply retroactively to any person with a "reportable conviction or adjudication" occurring on or after September 1, 1970.[7] *See* Tex. Code Crim. Proc. Ann. art. 62.002(a).

Article 62.051(a) provides that a person who has a reportable conviction shall register with the local law enforcement authority in any municipality where the person resides or intends to reside for more than seven days. Tex. Code Crim. Proc. Ann. art. 62.051(a) (Vernon 2006). Article 62.055(a) provides that if a person required to register intends to change address, that person shall, not later than the seventh day before the intended change, report in person to the local law enforcement authority designated as the person's primary registration authority and provide that authority with the person's anticipated move date and new address. Tex. Code Crim. Proc. Ann. art. 62.055(a) (Vernon Supp. 2009). A person commits a felony offense when he is required to register

---

[7]*See* Act of June 1, 1997, 75th Leg., R.S., ch. 668, § 1, 1997 Tex. Gen. Laws 2253, 2260.

8

and fails to comply with any requirement of chapter 62. Tex. Code Crim. Proc. Ann. art. 62.102(a) (Vernon 2006).

**Legal Sufficiency Analysis**

Through the custodian of records for the Texas Department of Criminal Justice-Institutional Division, the State proved that, on October 22, 1991, Appellant was convicted of the aggravated sexual assault of a child. The offense was alleged to have occurred on or about March 25, 1991. Aggravated sexual assault of a child is a reportable conviction. *See* Tex. Code Crim. Proc. Ann. art. 62.001(5)(A). Accordingly, Appellant falls within the class of offenders subject to the registration requirements of chapter 62.

A copy of the judgment of conviction was admitted into evidence, and the trial court took judicial notice that it is the type of offense that qualifies as a reportable conviction for purposes of chapter 62, subjecting Appellant to the requirements of sex offender registration. The State also introduced a copy of Appellant's signed pre-release notification form explaining to Appellant the registration requirements upon his release from prison and his duty to register.

According to Lieutenant Davis, the custodian of records for the sex offender registration in Canyon, Appellant registered with the Canyon Police Department on July 28, 2006. At that time, Appellant gave his address as 1003 3rd Avenue, Canyon, Texas. Appellant also complied with his annual verifications.

9

The evidence established that Appellant moved to Clovis, New Mexico on February 6, 2008, intending to enter a six-month rehabilitation program. Although Appellant did register with the appropriate law enforcement authority upon arriving in Clovis, he failed to report his intended change of address to the Canyon Police Department, in person, seven days prior to his intended move. *See* Tex. Code Crim. Proc. Ann. art. 62.055(a). After realizing that the rehabilitation program in Clovis did not suit Appellant, he returned to Canyon and on February 11th asked his previous employer for a job.[8] When he was arrested on February 14th he told the arresting officer that he resided at 1003 3rd Avenue in Canyon. Using February 14th as the latest arrival date in Canyon, his re-registration with the Canyon Police Department on February 22, 2008, was outside the seven day period provided by article 62.051(a)(1).

Appellant insists that the State failed to prove he intentionally or knowingly violated the requirements of sex offender registration. We disagree. Circumstantial evidence of intent must be reviewed with the same scrutiny as other elements of an offense. *Laster*, 275 S.W.3d at 519-20.[9] Regarding Count I of the indictment, Appellant intended to be in Clovis for a six-month program and did not report in person to the Canyon Police Department at least seven days prior to his intended change of address. Evidence of his intent to move to Clovis is demonstrated by the fact that he took his belongings and

[8]It is not clear in the record where Appellant resided on February 11, 2008.

[9]Abrogating a less stringent review of the element of intent previously authorized by *Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000).

immediately registered as a sex offender in Clovis. As for Count II, the evidence shows that when Appellant was arrested on February 14th, he told Officer Savage he was living at 1003 3rd Avenue in Canyon. However, he waited at least eight days to register with the Canyon Police Department. This evidence sufficiently establishes that Appellant acted intentionally. *See* Tex. Penal Code Ann. § 6.03(a) (Vernon 2003).

Viewing the foregoing facts in a light most favorable to the prosecution, we conclude that a rational jury could have found the essential elements of each charged offense beyond a reasonable doubt. Concluding the evidence is legally sufficient to support Appellant's conviction, we must now determine whether it is factually sufficient.

**Factual Sufficiency Analysis**

As stated previously, the facts established the following chronology of Appellant's whereabouts:

- February 6, 2008 – Appellant travels to Clovis, New Mexico, for a six-month rehabilitation program operated by his Uncle, Joe Padilla;
- February 7, 2008 – Appellant registers with the Curry County Sheriff's Office and provides 407 L. Casillas, Clovis, New Mexico 88101, the address of the rehabilitation center, as his address;
- February 9, 2008 – Appellant temporarily in Canyon to talk to his family about the rehabilitation program;
- February 11, 2008 – Appellant voluntarily leaves the rehabilitation program; Appellant meets with the manager of the Pizza Hut in Canyon to request employment;

11

- February 14, 2008 – Appellant is arrested by Canyon Police Officer Aaron Savage and provides the address of 1003 3rd Avenue, Canyon, Texas during the booking process;

- February 15, 2008 – Appellant's brother-in-law posts bond;

- February 16, 2008 – Appellant resumes living with his sister and brother-in-law at 1003 3rd Avenue in Canyon;

- February 22, 2008 – Appellant reports to the Canyon Police Department and registers 1003 3rd Avenue, Canyon, Texas, as his residence.

According to the chronology of events, Appellant never reported in person, as required by article 62.055(a), to the Canyon Police Department that he intended to move to Clovis. Appellant's address during the gap between February 11th and 14th is uncertain. However, at the time of his arrest in Canyon on February 14th, he claimed to be living at 1003 3rd Avenue in Canyon. Assuming Appellant had "arrived" in Canyon by that date, he was required to register by February 21st. Consequently, Appellant's registration with the Canyon Police Department on February 22nd fell outside the statutory seven days to register and was not in compliance with article 62.051(a)(1). Viewing the evidence in a neutral light, we cannot conclude that Appellant's conviction is clearly wrong or manifestly unjust. The evidence demonstrates that Appellant failed to comply with certain requirements of the sex offender registration program.

## Conclusion

We conclude the evidence embraces all the essential elements of the charged offense and is legally and factually sufficient to support Appellant's conviction. Issues one through six are overruled. Accordingly, the trial court's judgment is affirmed.


Patrick A. Pirtle
Justice


Do not publish.